UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCO ANTONIO BARRAZA ENRIQUEZ,<br><br>                  Plaintiff,<br>   v.<br><br>KRISTI NOEM et al.,<br><br>                  Defendants. | CASE NO. 2:25-cv-02352-LK-GJL<br><br>ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER |

      This matter comes before the Court on Petitioner Marco Antonio Barraza Enriquez's Motion for a Temporary Restraining Order. Dkt. No. 2. He asks the Court to require Defendants to release him from detention immediately, or failing that, to enjoin Defendants from transferring him out of this district or removing him to a third country. *Id.* at 8. He also seeks an expedited briefing schedule on his motion for a TRO. *Id.* For the reasons set forth below, the Court denies the motion.

# I. BACKGROUND

Mr. Barraza Enriquez, a citizen of Mexico, is currently detained at the Northwest ICE Processing Center in Tacoma, Washington. *Id.* at 3. He states that he has been granted withholding of removal under the Convention Against Torture. *Id.* A final order of removal was reinstated against him on April 1, 2025, and he contends that he has been held longer than 180 days after that order was issued. *Id.*

# II. DISCUSSION

## A. Legal Standard

Federal Rule of Civil Procedure 65 empowers the court to issue a TRO. Fed. R. Civ. P. 65(b). Like a preliminary injunction, a TRO is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (the standards applicable to TROs and preliminary injunctions are "substantially identical"). The Court will not "mechanically" grant an injunction for every violation of law. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982). Instead, plaintiffs seeking a TRO must establish that (1) they are "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20. The mere "possibility" of irreparable harm is insufficient; instead, the moving party must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 22.

The Ninth Circuit employs a "sliding scale" approach, under which the four elements are balanced "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). For example, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can

support issuance of a [TRO], so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (citation modified).

**B.    Mr. Barraza Enriquez Has Not Established Entitlement to a Temporary Restraining Order**

Mr. Barraza Enriquez contends that he is likely to succeed on the merits of his indefinite detention claim because he has been detained for "more than 180 days after his removal order was administratively final," but he "is not subject to deportation in the foreseeable future." Dkt. No. 2 at 6. He also argues in the alternative that "any potential removal . . . to a third country without adequate notice" and proper procedures "would be a violation of due process." *Id.*

Mr. Barraza Enriquez has not complied with Federal Rule of Civil Procedure 65, which permits a court to issue a temporary restraining order without written or oral notice to the adverse party or its attorney "only if," among other things, "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Absent compliance with Rule 65, this Court cannot order *ex parte* relief. *See Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006).

Furthermore, Mr. Barraza Enriquez has not established that imminent harm is likely because he does not allege that transfer or removal is imminent. *See, e.g.*, *Amylin Pharms., Inc. v. Eli Lilly & Co.*, 456 F. App'x 676, 679 (9th Cir. 2011) ("Because Amylin's injury regarding Bydureon sales is not imminent, but rather may occur at some indefinite time in the future, the injury does not support injunctive relief."). To the contrary, he alleges that he is being held in indefinite detention. *See* Dkt. No. 1-1 at 7; Dkt. No. 2 at 6. Finally, although Mr. Barraza Enriquez states that he has been detained longer than the six months presumed reasonable in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), his motion does not explain why he fears that his detention has become "indefinite," Dkt. No. 2 at 6. *Cf. Tzafir v. Bondi*, No. 2:25-cv-02126-JHC, 2025 WL

3140441, at *2 (W.D. Wash. Nov. 10, 2025) (granting motion for a TRO when the petitioner "raise[d] serious questions about whether he will be stuck in a 'removable-but-unremovable limbo,' much like the *Zadvydas* petitioners"). Accordingly, Mr. Barraza Enriquez is not entitled to a TRO (and his request for an expedited briefing schedule on the motion for a TRO is moot).

### III.  CONCLUSION

For these reasons, the Court DENIES Mr. Barraza Enriquez's Motion for a Temporary Restraining Order. Dkt. No. 2.

Dated this 24th day of November, 2025.

*Lauren King*

Lauren King
United States District Judge