UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCO ANTONIO BARRAZA
ENRIQUEZ,

                    Petitioner,

        v.

KRISTI NOEM, *et al.*,

                    Respondents.

CASE NO. 2:25-cv-02352-LK-GJL

REPORT AND RECOMMENDATION

Noting Date: February 26, 2025

Petitioner Marco Antonio Barraza Enriquez, proceeding with counsel, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 7-2. He has been detained since January 28, 2025. *Id.* at 3. On November 21, 2025, Petitioner filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as amended on December 12, 2025 (*see* Dkt. 7), seeking release from custody. Dkt. 7-2.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **RECOMMENDS** the amended habeas Petition (Dkt. 7-2) be **GRANTED in part**, Respondents' request that the Petition be dismissed (*see* Dkt. 10) be **DENIED**, and that the

REPORT AND RECOMMENDATION - 1

Government be **ORDERED** to release Petitioner from custody on reasonable conditions of supervision.

**I.      BACKGROUND**

**A.      Factual Background**

Petitioner, a native and citizen of Mexico with no criminal record, first entered the United States without inspection through the Mexico–United States border near Casa Grande, Arizona, on March 20, 2012. Dkt. 11 ¶ 4 (P. Correa Decl.). On March 23, 2012, Petitioner was granted a voluntarily return to Mexico. *Id*. ¶ 4. Petitioner entered the United States a second time on May 9, 2012, and was removed again to Mexico on May 15, 2012. *Id*. ¶ 5; Dkt. 11-1, Ex 1.

On September 30, 2024, Petitioner entered the United States a third time without inspection through the Mexico–United States border near Lukeville, Arizona. Dkt. 11 ¶ 6; Dkt. 11-3, Ex. 3. At that time, the Customs and Border Patrol ("CBP") reinstated Petitioner's prior removal order under INA § 241(a)(5) with a Notice of Intent/Decision to Reinstate Prior Order, but Petitioner stated a fear of returning to Mexico. Dkt. 11 ¶ 6, Dkts. 11-3, 11-5, Exs. 3, 5. On October 1, 2024, ICE released Petitioner on an Order of Supervision ("OSUP") that was contingent on enrollment in an Alternatives to Detention ("ATD") program. Dkt. 11 ¶ 6, Dkt. 11-4, Ex. 4.

On January 28, 2025, during a scheduled check-in with ICE, Petitioner was taken into custody and served with a reinstatement of prior order of removal certification and prior removal documents. Dkt. 11 ¶ 7, Dkt. 11-5, Ex. 5. Since Petitioner had expressed a fear of returning to Mexico, on March 19, 2025, a Reasonable Fear Interview was conducted. Dkt. 11 ¶ 8. On April 1, 2025, an asylum officer found that Petitioner has established the possibility of a reasonable fear upon return to Mexico. *Id*. ¶ 8, Dkt. 11-7, Ex. 7. On that same day, an I-863 Notice of

REPORT AND RECOMMENDATION - 2

Referral to an Immigration Judge was issued, placing Petitioner in a withholding of removal only hearing. Dkt. 11 ¶ 8, Dkt. 11-6, Ex. 6. At those proceedings before an Immigration Judge ("IJ") in Tacoma, Washington, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal. Dkt. 11 ¶ 9.

On August 12, 2025, the IJ denied the application for withholding of removal only but approved withholding of removal under the Convention Against Torture ("CAT"). *Id*. ¶ 9, Dkt. 11-8, Ex. 8. On August 25, 2025, the Department of Homeland Security ("DHS") filed an appeal with the Board of Immigration Appeals ("BIA") on the grant of withholding of removal under CAT. Dkt. 11 ¶ 9. Petitioner also appealed to the BIA, on September 12, 2025, both in an appeal of the denial of withholding of removal only and a cross-appeal of DHS' appeal of the IJ's grant of withholding of removal under CAT. *Id*. According to Respondents, briefing on the appeal was completed in November 2025, and the BIA has not yet issued a ruling on the appeals. *Id*. ¶ 10.

In their Return, Respondents also state that Petitioner has not been served with a notice of removal to a third country, and ICE does not have an intention to remove Petitioner to a third country at this time. Dkt. 10; Dkt. 11 ¶ 10.

**B.    Procedural Background**

On November 21, 2025, Petitioner, through counsel, submitted his federal habeas Petition to this Court for filing, along with a Motion for Temporary Restraining Order ("TRO"). Dkts. 1, 2. On November 24, 2025, the District Court denied the Motion for a TRO. Dkt. 4. A Scheduling Order for briefing on the habeas Petition was entered on November 26, 2025, directing Respondents file a return on or before December 26, 2025. Dkt. 6. Petitioner then filed an amended habeas Petition as well as a second Motion for a TRO on December 12, 2025. Dkts. 7, 8. The District Court denied the Motion for a TRO on December 12, 2025. Dkt. 9.

REPORT AND RECOMMENDATION - 3

Respondents filed a Return on December 29, 2025, noting the matter for consideration on January 26, 2026. Dkt. 10. Petitioner's Traverse followed on January 5, 2026. Dkt. 12.

## II.        DISCUSSION

### A.        Indefinite Detention

Title 8 U.S.C. § 1231 governs the detention of noncitizens, like Petitioner, who have been ordered removed. Under § 1231(a), the government must detain a noncitizen during the 90-day "removal period." 8 U.S.C. §§ 1231(a)(1)(A), (a)(2). After the removal period expires, the government may continue to detain certain noncitizens, including those subject to removal due to a criminal offense, or it may release the noncitizen on supervision. 8 U.S.C. § 1231(a)(6); *see also Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

Although § 1231(a)(6) authorizes ICE to detain Petitioner, it cannot do so indefinitely. In *Zadvydas*, the Supreme Court held that this provision implicitly limits detention to a period reasonably necessary to effect removal and does not permit "indefinite" detention. 533 U.S. at 701. The Supreme Court established that detention is "presumptively reasonable" for six months following entry of a final removal order. *Id*. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut that showing with evidence. *Id*. If it fails to do so, the noncitizen is entitled to habeas relief. *Id*.

The six-month presumption is not a strict deadline; a noncitizen may be detained beyond six months if removal remains likely. *Zadvydas*, 533 U.S. at 701. Nevertheless, "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

REPORT AND RECOMMENDATION - 4

Here, a final order of removal was reinstated against Petitioner on April 1, 2025, and Petitioner now contends that he has been held longer than 180 days after that order became administratively final. Dkt. 4 at 2 (Order denying Motion for a Temporary Restraining Order (King, J.)) (citing Dkt. 2 at 3).[1] *See also* 8 U.S.C. § 1231(a)(1)(B)(i). As Respondents state, there is no dispute that the "presumptive period" for Petitioner's detention has ended, as Petitioner has been detained for approximately twelve months, since January 28, 2025. *See* Dkt. 10 at 7. Thus, the Court finds Petitioner has been detained beyond the six-month period that is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. Petitioner then bears the initial burden to show good reason to believe there is no significant likelihood of removal.

Petitioner asserts removal is not reasonably foreseeable. There is no dispute that Petitioner was granted withholding of removal under CAT on August 12, 2025. *See* Dkt. 7-2 at 19; Dkt. 11 ¶ 9. Petitioner contends that the pending appeals and other delays in his case caused by Respondents now make his removal not reasonably foreseeable. Dkt. 7-2 at 19. In support, Petitioner declares the following with respect to the pending appeals:

> My counsel has filed a reply to an appeal where the government is seeking to overturn the grant of Withholding of Removal under the [CAT] issued on August 12, 2025. Counsel has also filed an appeal asking the BIA to reverse the finding of the IJ that my proffered particular social group of "miners" is not cognizable in the mining areas of Durango and Sinaloa in Mexico. If this appeal is granted, I would likely be granted Withholding of Removal under the Immigration and Nationality Act on any re-hearing, if needed. If this appeal is denied by the BIA, I would appeal that decision to the Ninth Circuit. I understand appeals to the Ninth Circuit can take 12-24 months, if not longer, between the time they're filed and the time of a decision. I would stay in custody while this appeal was pending.
>
> If the government's appeal was granted, I would appeal from that denial, even if it meant I needed to continue to stay in custody while the appeal(s) are pending.

---

[1] In his amended Petition, filed approximately three weeks after his first Motion for a temporary restraining order, Petitioner asserts that his reinstated removal order was administratively final on October 1, 2024, "even before his withholding only proceedings began." Dkt. 7-2 at 18. Respondents do not assert a date for Petitioner's final order of removal, but do expressly state that he is subject to an administratively final removal order. *See* Dkt. 10 at 6.

REPORT AND RECOMMENDATION - 5

Dkt. 7-1 at 105, Ex. 5 (M.A. Barraza Enriquez Decl.). Petitioner further asserts with respect to the delay in proceedings caused by Respondents:

> There was an unexplained delay between [Petitioner's] two individual hearings. [Petitioner's] first hearing was on May 23, 2025 with IJ Wilson. The second hearing was first set by IJ Wilson for June 13, 2025, when the May 23, 2025 hearing was ending, with Immigration Judge Roberta Wilson. That hearing was cancelled on May 28, 2025 and set for August 12, 2025 with Immigration Judge Jacob Stender. There was no explanation why the Individual Hearing was delayed for two months or why there was a change in Judge.

Dkt. 7-2 at 20–21.

Upon review, the Court finds Petitioner has shown good reason to believe that there is no significant likelihood of removal to Mexico in the reasonably foreseeable future. Accordingly, the burden shifts to Respondents to rebut Petitioner's showing with evidence.

Respondents present no evidence, but state merely, "If Petitioner's withholding of removal is denied, ICE anticipates that there will be no obstacles to effectuating his removal to Mexico once it is permitted to do so." Dkt. 10 at 7. While this statement conceivably could be interpreted to acknowledge both the findings on Petitioner's withholding of removal only and withholding of removal under CAT, it does not respond to Petitioner's statements on the current procedural posture of the removal proceedings or acknowledge Petitioner's showing of no significant likelihood of removal in the reasonably foreseeable future. Dkt. 7-1, Exs. 1–7.

"Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025). Respondents have not rebutted Petitioner's showing, and habeas relief is thus warranted with respect to Petitioner's indefinite detention claim. Therefore, the Court recommends the amended habeas Petition (Dkt. 7-2) be **GRANTED**.

REPORT AND RECOMMENDATION - 6

**B.      Third Country Removal**

In his amended Petition, Petitioner requests this Court order that Respondents "provide notice and an opportunity to be heard, a reasonable fear hearing and an individual hearing prior to any third country removal." Dkt. 7-2 at 39. Respondents counter in their Return that Petitioner has offered no evidence that they intend to remove Petitioner to any country other than Mexico. Dkt. 10 at 7. In his Traverse, Petitioner declares, "Petitioner accepts the statement of the Government that Petitioner is not being screened for third country removal and abandons that issue at this time." Dkt. 12 at 2. Petitioner does, however, request that he not be transferred from this jurisdiction during the pendency of these habeas proceedings. *Id*.

In light of Petitioner's abandonment of this issue in the Traverse, the Court recommends that Petitioner's relief requested in the amended habeas Petition (Dkt. 7-2) with respect to third country removal be **DENIED without prejudice**. However, in order to maintain the status quo, the Court recommends that Respondents be **PROHIBITED** from transferring Petitioner from NWIPC to any other detention facility during the pendency of these proceedings, without further order from this Court, unless such transfer is necessary for medical evaluation, medical treatment, or release.

### III.      CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** the following:

(1)      The amended Petition for writ of habeas corpus (Dkt. 7-2) be **GRANTED in part** and Respondents' request that the Petition be dismissed (Dkt. 10) be **DENIED**;

(2)      Respondents be **ORDERED** to immediately release Petitioner from custody subject to reasonable conditions of supervision;

REPORT AND RECOMMENDATION - 7

(3)    Respondents be **ORDERED** to file a notice with the Court confirming Petitioner's release within **two (2) business days** of the District Court's Order; and

(4)    Respondents be **PROHIBITED** from transferring Petitioner from NWIPC to any other detention facility during the pendency of these proceedings, without further order from the District Court, unless such transfer is necessary for medical evaluation, medical treatment, or release.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on February 25, 2026, as noted in the caption.

Dated this 10th day of February, 2026.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8