UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCO ANTONIO BARRAZA ENRIQUEZ,<br><br>    Petitioner,<br> v.<br><br>KRISTI NOEM et al.,<br><br>    Respondents. | CASE NO. 2:25-cv-02352-LK<br><br>ORDER REQUESTING SUPPLEMENTAL BRIEFING |

  This matter comes before the Court on the Report and Recommendation ("R&R") of U.S. Magistrate Judge Grady J. Leupold, Dkt. No. 13, and the Respondents' objections, Dkt. No. 14.

  Respondents' answer, Dkt. No. 10, the R&R, and the objections address only Petitioner Marco Antonio Barraza Enriquez's claim that he is being detained indefinitely in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). However, his amended petition asserts a second claim: he contends that Respondents denied him due process by revoking his Order of Supervision ("OSUP") without following the regulations in 8 C.F.R. § 241.4(l). Dkt. No. 7-2 at 8–13, 36–37.

  Ordinarily, if a party fails to respond to an opposing party's argument, the Court construes

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 1

1    that omission as an admission that the motion or unopposed argument has merit. LCR 7(b)(2).
2    However, here, it is unsurprising that Respondents failed to notice Barraza Enriquez's OSUP-
3    related claim embedded in his lengthy and repetitive amended petition. And that petition is far
4    from clear. *See* Dkt. No. 7-2 at 36–37 (alleging "Re-detention claim—Arbitration and Capricious
5    Agency Actions Violated the Administrative Procedures Act Violation Claim" but also, under that
6    heading, alleging a due process claim based on his re-detention). Indeed, Barraza Enriquez adopts
7    a shotgun approach whereby "each count adopts the allegations of all preceding counts, causing
8    each successive count to carry all that came before and the last count to be a combination of the
9    entire [petition]." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir.
10   2015). This kind of petition "mak[es] it nearly impossible for [Respondents] and the Court to
11   determine with any certainty which factual allegations give rise to which claims for relief."
12   *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018); *see also E.K. v. Nooksack*
13   *Valley Sch. Dist.*, No. C20-1594-JCC, 2021 WL 1531004, at *2 (W.D. Wash. Apr. 19, 2021)
14   (same).

15         Despite these deficiencies, the Court finds that the allegations in his amended petition are
16   sufficient to raise a due process claim related to the revocation of his OSUP. *Id.* at 8–13 (alleging
17   that his re-detention violated his "Right to Liberty without Due Process of Law" because the
18   decision to revoke release was not made by an official authorized to do so); *see also Manjit Singh*
19   *v. Bondi*, No. C26-0477-KKE, 2026 WL 586230, at *2 (W.D. Wash. Mar. 2, 2026) (holding that
20   the government's failure to follow its regulations to re-detain a petitioner on OSUP violated his
21   right to due process); *M.S.L. v. Bostock*, No. 6:25-cv-01204-AA, 2025 WL 2430267, at *9–10 (D.
22   Or. Aug. 21, 2025) (same).[1] Because Respondents have not had a sufficient opportunity to address

---

[1] The Court does not consider Barraza Enriquez's new argument in his traverse that his re-detention also occurred without the required notice or informal interview. Dkt. No. 12 at 3–4. That argument is not in his amended petition,

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 2

that claim, the Court allows them to file a supplemental response by March 20, 2026 that addresses the claim, and what relief Barraza Enriquez would be entitled to if the Court were to find a violation on that basis. No further briefing will be permitted.

Dated this 16th day of March, 2026.

*Lauren King*

Lauren King
United States District Judge

---

Dkt. No. 7-2, and a petitioner cannot amend his petition or add new claims through a reply brief, *see, e.g.*, *Calderon v. Noem*, No. 2:25-cv-2136-LK-TLF, 2025 WL 3754042, at *4 (W.D. Wash. Dec. 29, 2025) (collecting cases).

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 3