UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCO ANTONIO BARRAZA ENRIQUEZ,<br><br>                 Petitioner,<br>   v.<br><br>MARKWAYNE MULLIN et al.,[1]<br><br>                 Respondents. | CASE NO. 2:25-cv-02352-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. Petitioner Marco Antonio Barraza Enriquez's amended habeas petition is unsigned by him and unverified. Dkt. No. 7-2; *see also* Dkt. No. 1 (unverified original petition). Habeas petitions must be verified "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Local Civil Rule 100(e) permits third parties to verify a petition on behalf of someone in custody, but that person "shall set forth therein the reason why [the petition] is not made and verified by the party in custody, and

---

[1] Markwayne Mullin is automatically substituted in his official capacity for Kristi Noem pursuant to Federal Rule of Civil Procedure 25(d).

ORDER TO SHOW CAUSE - 1

shall state he or she knows the facts set forth therein, or if upon information and belief, the sources of his or her information shall be stated."

Here, Barraza Enriquez has not signed his petition, and his counsel—who signed the petition—has not verified it pursuant to Local Civil Rule 100(e). *See* Dkt. No. 7-2. Moreover, as Respondents note, Dkt. No. 19 at 3, Barraza Enriquez has not filed a declaration attesting to the facts relevant to his claim that the government failed to follow required procedures to revoke his Order of Supervision. *Cf.* Dkt. No. 7-1 at 102–05 (Barraza Enriquez's declaration describing other facts). The absence of a declaration on this issue compounds the problematic absence of the verification. *Compare Manjit Singh v. Bondi*, No. C26-0477-KKE, 2026 WL 586230, at *2 (W.D. Wash. Mar. 2, 2026) (considering petition properly verified when Petitioner's counsel complied with Local Civil Rule 100(e)), *with Pogosian v. Santacruz*, No. 5:26-cv-00540-SRM-E, 2026 WL 413639, at *3 (C.D. Cal. Feb. 11, 2026) (denying motion for temporary restraining order when "the facts in the Petition are not verified, there is no statement addressing 28 U.S.C § 2242 or [the local civil rule], and the facts in the exhibits and declaration d[id] not inform th[e] inquiry"); *see also Thalheimer v. City of San Diego*, 645 F.3d 1109, 1116 (9th Cir. 2011) ("A verified complaint may be treated as an affidavit, and, as such, it is evidence that may support injunctive relief."), *overruled on other grounds by Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195 (9th Cir. 2019) (en banc)).

//

//

//

//

//

//

ORDER TO SHOW CAUSE - 2

Accordingly, the Court ORDERS Barraza Enriquez to file a signed and verified petition within 14 days of the date of this Order.[2] If Barraza Enriquez fails to do so, the Court will dismiss this petition without prejudice. No further briefing will be accepted in this matter.

Dated this 26th day of March, 2026.

Lauren King
United States District Judge

---

[2] Because Barraza Enriquez has already amended his petition once, the Court does not grant him further leave to amend his petition other than to verify it.

ORDER TO SHOW CAUSE - 3